IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROBERT A. FLAUGHER, as Administrator
of the Estates of Shahnaz Rumman,

          Plaintiff,

v.                              CIVIL ACTION NO.   3:13-28460

CABELL HUNTINGTON HOSPITAL, INC., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending is Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 21. For the reasons explained below, this Motion is **GRANTED**. The Court **DIRECTS** Plaintiff to file, within 14 days of the entry of this Memorandum Opinion and Order, an Amended Complaint incorporating the new factual and legal allegations outlined in his Memorandum in Support of the Motion for Leave to File Amended Complaint, ECF No. 22. The Amended Complaint shall be identical to the existing Complaint in all other respects.

**I.    Background**

      On November 8, 2013, Plaintiff Robert A. Flaugher—administrator for the estate of Dr. Shahnaz Rumman—filed the instant Complaint, alleging medical malpractice and wrongful death arising out of the failed medical treatment rendered to Dr. Rumman for her septic miscarriage from September 28, 2011, to October 2, 2011, at Cabell Huntington Hospital by four physicians and two nurses. The Scheduling Order entered by this Court on March 12, 2014, ECF No. 20, ordered that motions to amend the pleadings were due by May 15, 2014.

Plaintiff filed the instant Motion for Leave to File Amended Complaint on March 24, 2014, requesting leave to amend the Complaint to include further and more specific factual allegations and to add a request for punitive damages. Defendants Brenda Brown, a nurse; Y. Alexis Daughtery, a nurse; and Cabell Huntington Hospital, Inc., (hereinafter "Defendants") timely filed their Response, ECF No. 24. None of the other six defendants filed a response. Plaintiff filed no reply. This Motion is ripe for resolution.

## II. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that, after the time for amendment as a matter of course has passed, leave of court must be obtained to amend a pleading. The rule specifies that a court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis omitted) (internal quotation marks omitted). An amendment is futile if it would fail to survive a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995).

When considering a motion to dismiss, 1) a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then 2) "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

For the first step, the complaint must provide the plaintiff's "grounds of . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

For the second step, a court must take the factual allegations in the complaint as true, and the complaint must be viewed in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570 (internal quotation marks omitted). Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

### III.    Analysis

Defendants argue that Plaintiff's Motion must be denied because 1) the proposed amendment would be futile and 2) any determination by the Court that punitive damages should be included in the remedy is premature. Defendants also dedicate an extensive portion of their Response to countering half of Plaintiff's new allegations by outlining contrary facts. *See* Defs.' Resp. 2-9. Additionally, Defendants attach to their Response ten exhibits in support of their factual account.

The Court first notes that the numerous exhibits and extensive contrary facts outlined by Defendants will not be considered by the Court in resolving the instant Motion for Leave to File Amended Complaint. The applicable standard for amending the Complaint at this early stage in the case is not that Plaintiff must *prove* the new allegations. It is much simpler: the Court must *freely*

give leave to Plaintiff to amend his pleading *unless* 1) the proposed amendment would be prejudicial to Defendants, 2) there has been bad faith on the part of Plaintiff, or 3) the amendment would be futile.

Defendants do not allege prejudice, and though they hint that Plaintiff requests to amend the Complaint due to an improper motive—to seek a premature determination by this Court that Defendants acted willfully and wantonly and that punitive damages are appropriate—, Defendants do not allege bad faith. Even if this alleged "motive" was meant by Defendants to show Plaintiff's bad faith, the Court would not credit it. Plaintiff requests no such determination by moving to amend his pleading, and even if he did, such a request would not alone lead this Court to conclude that bad faith was the source of the request.

Defendants also appear to argue that Plaintiff's proposed amendments—adding factual allegations and a request for punitive damages—are futile because, as discovery advances, punitive damages can be requested "without also requiring that the Complaint be amended to include them." *Id.* at 10. According to Defendants, "it is enough that the underlying tort is alleged in the Complaint"; "[i]f the [post-discovery] facts . . . appear to the Court to be so offensive [as] to warrant punitives [sic], the jury instructions will so provide." *Id.* Defendants once again unnecessarily complicate the issues. Assuming—without finding—that Defendants' statement of the law here is correct, the standard which controls the amendment of a pleading does not require that a proposed amendment be *necessary*. Further, a proposed amendment is not futile simply because having it pled in the complaint might not be strictly required.[1]

Defendants also dedicate a large portion of their Response to the argument that Plaintiff is improperly seeking a premature determination by this Court that Defendants acted willfully and

---

[1] Indeed, if all things were equal regardless of whether Plaintiff's proposed amendments were incorporated into the Complaint or not, as argued by Defendants, it is mystifying to the Court why Defendants would dedicate an eighteen-page Response to preventing such incorporation.

wantonly, with the goal that the statutory cap on damages embodied in West Virginia Code § 55-7B-9(c) be lifted. According to Defendants, this statutory cap on damages does not apply when health care assistance is rendered either 1) in willful and wanton or reckless disregard of a risk of harm to the patient or 2) in clear violation of established written protocols for triage and emergency health care procedures developed by the office of emergency medical services. *See* Defs.' Resp. 13-14. Defendants then argue that the nurses' conduct cannot be characterized as willful and wanton and that they followed the written protocols.

    As stated earlier, the Court reads no request for a premature determination of liability into Plaintiff's Motion, and the Court certainly makes no such determination at this stage in the proceedings. Further, to the extent that this argument by Defendants is actually attempting to contend that Plaintiff's proposed amendments are futile, the Court finds no such futility. As explained above, a proposed amendment may be found futile if such amendment would not survive a motion to dismiss. Defendants' factual arguments would not be considered in the context of a motion to dismiss, where all allegations in the complaint are taken as true. However, the detailed new factual allegations contained in the instant Motion for Leave to File Amended Complaint—including that Defendants failed to give potentially life-saving antibiotics to Dr. Rumman for thirteen hours despite repeated warnings of urgency by a board-certified colleague of Dr. Rumman—would be considered in the context of such a motion. *See* Mem. Supp. Mot. Leave File Am. Compl. 3-4, 6. Viewing such allegations in the light most favorable to Plaintiff, as is required in the context of a motion to dismiss, the Court is able to draw the reasonable inference that Defendants are liable for reckless disregard of a risk of harm to Dr. Rumman; thus, the

proposed amendments to the complaint would survive a motion to dismiss and are, consequently, not futile.[2]

Finding none of the three key reasons for denying leave to amend a pleading under Federal Rule of Civil Procedure 15(a)(2) present in this instance, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint.

### IV. Conclusion

For the reasons explained above, Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 21, is **GRANTED**. The Court **DIRECTS** Plaintiff to file, within 14 days of the entry of this Memorandum Opinion and Order, an Amended Complaint incorporating the new factual and legal allegations outlined in his Memorandum in Support of the Motion for Leave to File Amended Complaint, ECF No. 22. The Amended Complaint shall be identical to the existing Complaint in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 20, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE

---

[2] Further, even if Plaintiff had failed to plausibly assert willful and wanton or reckless disregard of a risk of harm to Dr. Rumman, the new factual allegations which comprise the vast majority of his request to amend the Complaint would not be rendered futile. They would simply add further factual support to his original medical malpractice and wrongful death claim.