IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
HUNTINGTON, WEST VIRGINIA

ROBERT A. FLAUGHER, as Administrator of the
Estate of Shahnaz Rumman,

   Plaintiff,

vs.             CASE NUMBER: 3:13-cv-28460

CABELL HUNTINGTON HOSPITAL, INC.;
UNIVERSITY PHYSICIANS & SURGEONS, INC.;
MARSHALL UNIVERSITY BOARD OF GOVERNORS;
JESSICA K. GRANGER; CHRISTINE V. GUTIERREZ;
DAVID C. JUDE; RANDY S. KINNARD;
BRENDA BROWN; and Y. ALEXIS DAUGHERTY,

   Defendants.

### DEFENDANT, CABELL HUNTINGTON HOSPITAL, INC.'S, RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Defendant, Cabell Huntington Hospital, Inc., by counsel, files the following responses to Plaintiff's First Request for Admissions to All Defendants, served upon these Defendant on April 15, 2014, and states as follows:

 a. The information supplied in these responses is not based solely on the knowledge of these Defendants, but includes the knowledge of the party, agents, representatives and attorneys, unless privileged.

 b. The word usage and sentence structure may be that of the attorneys assisting in the preparation of these responses and, thus, does not necessarily purport to be the precise language of these Defendants.

 c. Some requests appear to be intended for Co-Defendants and not Cabell Huntington Hospital, Inc.



PLAINTIFF'S EXHIBIT 15

## REQUESTS FOR ADMISSIONS

REQUEST NO. 1: That no physician examined Dr. Rumman before 9:00 p.m. on September 28, 2011.

RESPONSE: Deny.

REQUEST NO. 2: That Gentamycin (*sic*) was ordered for Dr. Rumman at approximately 10:30 p.m. on September 28, 2011.

RESPONSE: Admit.

REQUEST NO. 3: That Gentamycin (*sic*) was not ordered for Dr. Rumman on a stat basis.

RESPONSE: Admit.

REQUEST NO. 4: That Gentamycin (*sic*) was an appropriate antibiotic needed to treat Dr. Rumman's infection.

RESPONSE: As a Hospital, this Defendant cannot admit or deny the degree to which this antibiotic was appropriate.

REQUEST NO. 5: That Gentamycin (*sic*) was to be administered to Dr. Rumman within two hours after it was ordered.

RESPONSE: Deny.

REQUEST NO. 6: That an OBGYN patient cannot be admitted to the Labor and Delivery Unit at Cabell-Huntington (*sic*) Hospital if the patient has an elevated temperature.

RESPONSE: Deny.

REQUEST NO. 7: That Dr. Rumman was not triaged in the Emergency Department.

AILES, CRAIG & YON, PLLC
ATTORNEYS at LAW
401 10TH ST., SUITE 500
HUNTINGTON, WV

RESPONSE: Admit.

REQUEST NO. 8: That Dr. Rumman was triaged in the Outpatient Obstetrical Unit.

RESPONSE: Admit that Dr. Rumman was triaged in OB Triage, a separate wing from LDR.

REQUEST NO. 9: That Dr. Rumman was triaged in the Labor and Delivery Unit.

RESPONSE: Admit that Dr. Rumman was triaged in OB Triage.

REQUEST NO. 10: That Dr. Rumman was triaged in the Surgical/Intensive Care Unit.

RESPONSE: Deny.

REQUEST NO. 11: That when Dr. Rumman was triaged on September 28, 2011, she was not assigned a triage level/category.

RESPONSE: Deny, based upon emergent admission to OB triage.

REQUEST NO. 12: That Dr. Rumman's assigned triage level/classification was not hand-written in her medical chart.

RESPONSE: Admit.

REQUEST NO. 13: That Dr. Rumman's assigned triage level/classification was not electronically recorded in her medical chart.

RESPONSE: Admit.

REQUEST NO. 14: That you performed a triage assessment of Dr. Rumman.

RESPONSE: Admit.

REQUEST NO. 15: That each time a nurse at Cabell-Huntington (*sic*) Hospital

3

performs a triage assessment on a patient, the level of the triage classification must be noted in the patient's chart.

RESPONSE: Admit in part, deny in part.

REQUEST NO. 16: That Dr. Rumman remained in the Labor and Delivery Unit of Cabell-Huntington (*sic*) Hospital for at least two hours and thirty minutes before she was transferred to the Surgical/Intensive Care Unit.

RESPONSE: Deny.

REQUEST NO. 17: That Dr. Rumman went into septic shock between the hours of 7:00 p.m. - 11:00 p.m. on September 28, 2011.

RESPONSE: Objection. This Request must be answered by a physician. Admit that this patient had symptoms of sepsis upon arrival. This Defendant cannot diagnose and relies on physicians for diagnoses.

REQUEST NO. 18: That Dr. Rumman went into septic shock between the hours of 11:00 p.m. - 12:00 a.m. on September 28, 2011.

RESPONSE: See response to Request No. 17.

REQUEST NO. 19: That Dr. Rumman went into septic shock between the hours of 12:00 a.m. - 1:00 a.m. on September 29, 2011.

RESPONSE: See response to Request No. 17.

REQUEST NO. 20: That Dr. Rumman went into septic shock between the hours of 1:00 a.m. - 2:00 a.m. on September 29, 2011.

RESPONSE: See response to Request No. 17.

REQUEST NO. 21: That Dr. Rumman went into septic shock between the hours of

AILES, CRAIG & YON, PLLC
ATTORNEYS at LAW
401 10TH ST., SUITE 500
HUNTINGTON, WV

RESPONSE: Objection. Same request as No. 53.

CABELL HUNTINGTON HOSPITAL, INC.

By: /s/ Rebecca C. Brown
Of Counsel

Thomas L. Craig (WV 859)
Rebecca C. Brown (WV 7321)
BAILES, CRAIG & YON, PLLC
P.O. Box 1926
Huntington, WV 25720-1926
(304) 697-4700 (Phone)
(304) 697-4714 (Fax)
rcb@bcyon.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
HUNTINGTON, WEST VIRGINIA

ROBERT A. FLAUGHER, as Administrator of the
Estate of Shahnaz Rumman,

        Plaintiff,

vs.                              CASE NUMBER: 3:13-cv-28460

CABELL HUNTINGTON HOSPITAL, INC.;
UNIVERSITY PHYSICIANS & SURGEONS, INC.;
MARSHALL UNIVERSITY BOARD OF GOVERNORS;
JESSICA K. GRANGER; CHRISTINE V. GUTIERREZ;
DAVID C. JUDE; RANDY S. KINNARD;
BRENDA BROWN; and Y. ALEXIS DAUGHERTY,

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he/she served the foregoing DEFENDANT, CABELL HUNTINGTON HOSPITAL, INC.'S, RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS on counsel named below via electronic filing and by depositing a true copy thereof in the United States mail, postage prepaid at Huntington, West Virginia on the 7th day of May, 2014, addressed as follows:

C. Benjamin Salango, Esquire
Preston & Salango, PLLC
P.O. Box 3084
Charleston, WV 25331
bsalango@wvlawyer.com
*Co-Counsel for Plaintiff*

Rodney M. Gaston, Esquire
Miller & Zois, LLC
Empire Towers, Suite 1001
7310 Ritchie Highway

1

Glen Burnie, MD 21061
*Co-Counsel for Plaintiff*

D. C. Offutt, Esquire
Offutt Nord Burchett, PLLC
949 Third Avenue, Suite 300
Huntington, WV 25701
dcoffutt@ofnlaw.com
*Counsel for Defendants*
*Marshall University Board of Governors;*
*University Physicians & Surgeons, Inc.;*
*Christine v. Gutierrez; David C. Jude; and*
*Randy S. Kinnard*

                                              CABELL HUNTINGTON HOSPITAL, INC.;
                                              BRENDA BROWN; AND
                                              Y. ALEXIS DAUGHTERY

                                      By: /s/  Rebecca C. Brown
                                                   Of Counsel

Thomas L. Craig (WV 859)
Rebecca C. Brown (WV 7321)
BAILES, CRAIG & YON, PLLC
Post Office Box 1926
Huntington, West Virginia 25720-1926
(304) 697-4700 (Phone)
(304) 697-4714 (Fax)
rcb@bcyon.com

BAILES, CRAIG & YON, PLLC
ATTORNEYS at LAW
401 10TH ST., SUITE 500
HUNTINGTON, WV